(No. 2833—

H. CLAUDE STEININGER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1940.*

STONE & WRIGHT, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant filed his bill of complaint on February 5, 1936, and alleged that he was a resident of Chenoa, Illinois, and was employed by the State of Illinois as a maintenance patrolman in the Department of Public Works and Buildings of the State of Illinois at the time of the accident; that the accident occurred while he was engaged in his work and that his injuries arose out of and in the course of his employment.

Claimant further charges that on the 18th day of August, 1934, while he was engaged in his employment, a quantity of hot asphalt or coal tar was accidentally poured upon his right hand, arm and fingers; that the tar was so hot that it caused third degree burns on the back of claimant's right hand and fingers.

Claimant further alleges that a report was made to his superior at Ottawa, Illinois, and that the claimant obtained medical treatment from Dr. F. M. Bryan of Chenoa, Illinois. Claimant also averred that in spite of proper medical treatment being administered, claimant was poisoned as a result of the burns, and that on August 31, 1934, the burns and their consequent poisoning totally disabled claimant for a period of several weeks; that thereafter he had a general breaking out of skin eruptions over all parts of his body, which greatly hindered him from doing any physical labor; that ever since he received the injuries he has been unable to sustain the exertions of ordinary labor.

Claimant also charged that for several months succeeding his injuries and until the time of the filing of the complaint, the general poisoning of claimant's system had pre-

vented him from engaging in any gainful employment; that upon information given him by his physician, the general systemic poisoning in his body settled in his right groin; that he now suffers from general skin eruptions and general weakness, and that the general weakness and skin eruptions will continue and are permanent injuries resulting from the burns.

Claimant also alleges that he received payments for compensation or salary; that on September 3, 1934, he received his August, 1934, salary of $100.00, and that he received $100.00 per month for each month thereafter for eight months—$900.00 in all. Claimant also avers that he spent $22.50 for medical treatment.

There is no contention or proof that claimant was ever confined to a hospital.

At the time the last deposition was taken, claimant was working a farm consisting of one hundred twenty acres in Indiana, and employed a farm-hand at the rate of $35.00 per month to do the work. He also admits that he had 1,500 bushels of corn, sold some sheep and during one year sold milk and eggs aggregating $189.00. It is also admitted that he raised other crops since the injury, but no attempt was made to show his earnings as a farmer, probably on the theory that it would be incompetent.

His testimony is that he is unable to do any heavy manual labor; that he tried it, but had to give it up; that since the accident he can only work one or two hours, but not at heavy manual labor, and after that period of exercise he can not work any more that day.

Much incompetent evidence was offered.

Claimant had two children under the age of sixteen years at the time of the accident. The oldest girl became sixteen on September 18, 1938. Claimant's wife is living and the youngest girl, Claudia Ruth, was about four years old at the time of the injury.

Claimant testified to questions put to him by his counsel, as follows:

"Q. What would your average annual earnings be—do you know, Mr. Steininger?

A. Yes. I copied that down. Last year the milk receipts was Eighty-one ($81.00) dollars. And the eggs was One Hundred Eight ($108.00) dollars.

Q. Those were produced through your efforts?

A. That is right.''

Aside from that, he testified that he was unable. to earn from his own labor. Claimant testified that prior to the time he received the burns he was able to work all day at hard labor.

Merle Monks testified for the claimant as to how much he was paid as a farm laborer.

Claimant went to work for the State on February 1, 1933, at $100.00 per month, and he continued in this position until he was released on May 1, 1935. On August 18, 1934, he received asphalt burns on his upper wrist. He applied first aid dressings to the burn and continued working until August 27, 1934. On that date he showed symptoms of a general toxemia from the asphalt and consulted Dr. Fred M. Bryan of Chenoa, Illinois. On August 29, 1934, he submitted a report of personal injury. From the record it appears that he was absent from work as follows:

| | |
|---|---|
| August 27 to September 17, 1934 | 17 working days |
| October 27 to October 29, 1934 | 2 working days |
| January 25 to January 29, 1935 | 4 working days |
| February 26 to February 28, 1935 | 2 working days |
| March 5, 1935 | 1 working day |
| April 15, 20, 24 and 26, 1935 | 4 working days |

The total loss of time from August 27, 1934, to May 1, 1935, was 30 working days.

On January 3, 1935, Dr. Bryan submitted a report of the case in which he stated: ''The patient feels and appears to be well. There is still a transverse groove in each nail on both hands.''

Claimant received his salary of $100.00 per month for the nine months of August, 1934, to April, 1935, inclusive. Bills of Dr. Bryan amounting to $22.50 have been paid.

We do not see how the groove in each nail on both hands is compensable. He was only burned on the back of one hand. From all that appears in the record he received the moneys hereinabove referred to of $900.00 for services performed, and there is no evidence in the record that such payments were for any other purpose.

Claimant asks damages in the sum of $7,500.00.

Doctors I. L. Turow, H. B. Knowles and Milton Levine all testified and were of the opinion that the injuries now

claimed by claimant were not caused by the burns he referred to.

Under the facts in this case, we are of the opinion that the respondent is not liable to the claimant. Before the evidence was heard, the respondent made a motion to dismiss. The motion was overruled at the time for the reason that the question raised was a factual matter. After all the proof was in, the State made another motion to dismiss on the ground that the claimant had not proven his case, and that motion must be sustained.